**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**DAVID HARRIS**                                                      **PLAINTIFF**

**v.**                                        **No. 3:25-cv-00328-MPM-JMV**

**BANK OF AMERICA**                                    **DEFENDANT**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss for Failure to State a Claim [14]. *Pro se* plaintiff David Harris ("Harris") has responded in opposition [19], and BANA, who was improperly identified as Bank of America, has replied in support [18]. The Court, having reviewed the record and applicable case law, is now prepared to rule.

## FACTUAL BACKGROUND

On February 11, 2021, Mr. Harris obtained a credit card account ("Account") with BANA. Mr. Harris defaulted on his obligation to pay the Account, and BANA eventually charged off the Account on June 17, 2022. When the Account was charged off, it had an outstanding past due balance of $7,456. BANA reported this balance to the credit reporting agencies of Equifax, Experian, and TransUnion (collectively the "CRAs") on August 9, 2024; August 7, 2025; and August 12, 2025.

Mr. Harris disputed each of BANA's consumer reports by sending the CRAs written letters. Which the CRAs then forwarded to BANA pursuant to the Fair Credit Reporting Act ("FCRA"). Mr. Harris alleges that BANA should not have reported the past due balance because the account had been charged off and closed, that BANA never conducted a reasonable investigation into the

disputes and failed to correct what he believes is inaccurately reported information, nor did BANA notify the CRAs of the results of their investigation.

As a result of this alleged inaccurate reporting and violations of the FCRA, Mr. Harris claims to have experienced harm to his credit reputation which impacted his credit opportunities and increased his interest rates for financial products, and that he experienced emotional distress due to the frustration caused by BANA's inaccurate reporting. In response to this lawsuit, BANA filed this motion to dismiss for lack of standing and for failure to state a claim. Mr. Harris responded in opposition and attached a letter from an insurance provider to show that his credit is affecting his rates. BANA replied in support of dismissal.

### STANDARD OF REVIEW

As a preliminary matter, the Court must decide whether constitutional standing exists over this case. A motion to dismiss for lack of standing falls under the purview of and is treated the same as a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction. *See Moore v. Bryant*, 853 F.3d 245, 248 (5th Cir. 2017). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When ruling on a Rule 12(b)(1) motion, the Court "is empowered to consider matters of fact which may be in dispute," *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981), and should only grant the motion if "the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming*, 281 F.3d at 161. The Court may dismiss claims pursuant to a Rule 12(b)(1) "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by

undisputed facts plus the court's resolution of disputed facts." *Moore*, 853 F.3d at 248 (citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

## ANALYSIS

BANA argues that Mr. Harris lacks the constitutional standing to bring this case because he is unable to allege that he experienced a "particularized and concrete injury" to maintain his FCRA claims. [15]. The U.S. Supreme Court held that the "irreducible constitutional minimum" of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), as revised (May 24, 2016) (citations omitted). A plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 341. "A concrete injury must be de facto; that is, it must actually exist." *Id.* at 340 (citation omitted). "[A] material risk of future harm can satisfy the concrete-harm requirement ... [the Supreme Court] recognized, a person exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from occurring, at least so long as the risk of harm is sufficiently imminent and substantial." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 435 (2021).

Here, Mr. Harris' alleged injuries consist of emotional distress and damage to his credit reputation that allegedly increased his interest rates. As to Mr. Harris' emotional distress injury, he fails to provide any details of his purported emotional distress outside of vague and conclusory assertions as to its existence. Mr. Harris' claimed emotional distress is not a concrete injury sufficient to maintain standing. *See Wagner v. BellSouth Telecommunications, Inc.*, 520 F. App'x

3

295, 298 (5th Cir. 2013) (an FCRA plaintiff seeking motional distress damages must show more than their own conclusory assertions about their emotional distress).

Moving to Mr. Harris' claimed injuries to his credit reputation and opportunities, he attached a letter to his response from American Modern Property and Casualty Insurance Company which states that his quoted insurance policy is not the best rate possible due to his credit report. [19] Ex. 1. If taken as true, this alleged injury may be sufficiently concrete to be considered an injury in fact. *See Spokeo*, 578 U.S. at 340. BANA argues that even if this letter shows an injury in fact, Mr. Harris still fails to trace the injury to their own conduct in reporting his charged off account. While the parties disagree over whether BANA's reporting of the charged off account was accurate or inaccurate, this fact is irrelevant to the Court's determination of standing. Mr. Harris must show that his injury, the increased insurance rates he is subject to, is reasonably traceable to BANA's reporting, whether accurate or not. *See id.* at 338.

The only attempt at tracing his injury to BANA's conduct is the insurance letter Mr. Harris attached to his response. [19] Ex. 1. The letter mentions factors from his credit report that negatively influenced his insurance rates. Mr. Harris claims the letter shows he experienced a concrete injury traceable to BANA's reporting, but in this Court's view, the letter itself fails to do so. While the letter states that the worse rates were caused by credit report information, there is no indication that BANA's reporting alone was a substantial factor or even considered by the insurance company. The insurance company's letter never links BANA's reporting to their decision, and there is no telling what specific aspects of Mr. Harris' credit report, besides BANA's reporting, were considered by the insurance company.

Finally, even if BANA's report could have been traceable to Mr. Harris' injury, there is no indication that Mr. Harris' injury could be redressed by a favorable judicial decision. *See Spokeo*,

578 U.S. at 338. Without any information as to whether BANA's reporting was a substantial factor in the insurance company's decision, there is no conceivable way for this Court to determine whether a favorable conclusion in this matter would cause the insurance company to provide Mr. Harris better rates. As a result, the Court finds that Mr. Harris failed to assert an injury in fact that is fairly traceable to BANA's conduct that could be resolved by a favorable judicial decision. *See Id.* Mr. Harris lacks constitutional standing for his FCRA claims against BANA.[1]

**CONCLUSION**

**ACCORDINGLY**, Defendant BANA's Motion to Dismiss [14] is **GRANTED.** Mr. Harris' claims against BANA are **DISMISSED WITHOUT PREJUDICE** for lack of standing.

A separate judgment in accordance with this order will be entered on this date.

**SO ORDERED** this 30th day of July, 2026.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

---

[1] While not touched on by the current opinion due to lack of standing, the Court will note that Mr. Harris cited "*Allen v. Equifax Info. Services, LLC*, 2020 WL 2155673, at 3 (N.D. Miss. Apr. 1, 2020) and *LeBlanc v. TransUnion, LLC*, 2021 WL 1243659, at 5 (N.D. Miss. Mar. 19, 2021)" to support his claims against BANA. These two cited Northern District of Mississippi Opinions were unable to be found by this Court, and are likely fictitious citations generated by artificial intelligence. Neither a search of the Westlaw citations or the party names brings up any corresponding case in the Northern District. Citations to and reliance on fraudulent authorities severely undermines the credibility of any of Mr. Harris' allegations. Due to his *pro se* nature, the Court will not sanction Mr. Harris, but he is put on notice and will not be given the same grace if he refiles his lawsuit and cites to hallucinated case law again.

5